UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSHUA FARD MUHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:23-CV-460-DCLC-DCP |
| v. ) | |
| ) | |
| TENNESSEE VALLEY AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER & REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint [Doc. 1] and his Application to Proceed In Forma Pauperis With Supporting Documentation ("Application") [Doc. 2]. On July 30, 2024, the Court entered an Order to Show Cause explaining that there were certain deficiencies in the Complaint [Doc. 19]. Instead of recommending dismissal, the Court allowed Plaintiff to file an amended Complaint in an attempt to cure these deficiencies [*Id.*]. On August 20, 2024, Plaintiff filed an Amended Complaint [Doc. 21] and an Answer to Order to Show Cause and Motion to Vacate and Dismiss Said Order [Doc. 22].

For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Application [**Doc. 2**] but **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's Amended Complaint [**Doc. 21**] and **DENY** his motion [**Doc. 22**].

### I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 2] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27

(1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has no income and no assets. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Amended Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

II.     RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).[1] The dismissal standard

---

[1]     Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints

articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A. **Summary of the Allegations**

On December 27, 2023, Plaintiff filed a Complaint against the Tennessee Valley Authority ("TVA"), alleging that it violated human rights pursuant to the Clean Air Act ("CAA"), 42 U.S.C. § 7402 *et seq.*, the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, and the National Environmental Policy Act ("NEPA") [Doc. 1]. Plaintiff also alleges that TVA violated "42 U.S.[C.] § 1983 because [it] acted under state law when [it] violated Plaintiffs' rights [*Id.* ¶ 5]. He alleges:

> [TVA] operates their facilities in an oppressive manner. [Plaintiff] and Black Community members have received racial discrimination and 2nd hand pollution from the result of environmental discrimination from [TVA] decisions to dump toxic waste in black communities, as well as violations of humanity against the inhabitants of those communities. [Plaintiff] is demanding immediately that TVA stops dumping and moves all toxic waste from all communities and stores it safely on their sites. [Plaintiff] is

---

filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

> demanding the payout of $1 Billion to which 20% (a fifth) will go towards Allah who appeared in the Person of Master Fard Muhammad and The Honorable Minister Louis Farrakhan and near of kin to [Plaintiff] and the orphans of those affected communities and the homeless (needy) and the wayfarer as written in the Holy Qur'an 8:41.

[*Id*. ¶ 10 (citation omitted)]. Plaintiff states that "[TVA] has multiple coal fossil plants that produce toxic waste known as coal ash" [*Id*. ¶ 12]. According to Plaintiff, "TVA has dumped toxic waste in [the] predominantly black community of Perry County, AL and South Tennessee" [*Id*. ¶ 13]. For example, in 2009, Plaintiff states that "the United States Environmental Protection Agency approved a plan to dump 3 million tons of coal ash that spilled from a [TVA] power plant in eastern Tennessee in an impoverished, largely African-American community" [*Id*.]. It later "narrowed its option to specific landfills" all of which "were located in low-income and predominantly minority communities" [*Id*. ¶¶ 14, 15]. People are exposed to arsenic, cadmium, chromium, boron, radium, copper, and lead [*Id*. ¶¶ 18–23]. According to the Offsite Ash Disposal Options Analysis, Plaintiff avers that "[TVA] knowingly selected landfills surrounded by black communities to store toxic waste from the Kingston Ash Pond spill disaster in 2008" [*Id*. ¶ 24]. People living next to these sites, Plaintiff asserts, experience asthma, chronic cough, tuberculosis, diarrhea, and sickle cell anemia [*Id*. ¶ 27]. He states that he "has a childhood to early adult history of suffering from asthma and past encounters with tuberculosis" [*Id*. (citation omitted)].

Plaintiff also claims that in May 2022, on the last day of his employment with TVA, "[a]n employee made a statement to [him] suggesting [that he go] pick cotton" [*Id*. ¶ 11].

Based on the above, Plaintiff alleges that TVA violates human rights pursuant to the CAA, the CWA, the NEPA, and 42 U.S.C. § 1983 [*Id*. ¶ 5]. He seeks punitive damages in the amount of $1 billion, "immediate cleanup of all toxic waste dumped by TVA in black communities[,]" and the costs of this action, including attorneys' fees [*Id*. at 14–15].

4

On July 30, 2024, the Court entered an Order to Show Cause, stating that there were certain deficiencies in the Complaint [Doc. 19]. The Court explained:

1. Plaintiff has not signed his Complaint in accordance with Rule 11 of the Federal Rules of Civil Procedure.

2. Plaintiff had not alleged that he complied with the jurisdictional requirements under the CWA and the CAA.

3. Plaintiff had not adequately pleaded that he has standing to sue under the CWA and the CAA.

4. Plaintiff had not sufficiently alleged facts regarding his discrimination claim.

[*Id*. at 3–7].

Instead of recommending that the Complaint be dismissed, the Court provided Plaintiff an opportunity to cure these deficiencies [*Id*. at 7]. On August 20, 2024, Plaintiff filed an Amended Complaint [Doc. 21]. Plaintiff signed his Amended Compliant in accordance with Rule 11 [*Id*. at 15]. His Amended Complaint, however, is substantively identical to his original Complaint.[2]

In addition, on August 20, 2024, Plaintiff filed an Answer to Order to Show Cause and Motion to Vacate and Dismiss Said Order ("Answer") [Doc. 22]. He states that he "suffers personal injury from vicarious trauma of countless complaints about [TVA] violating the [CWA] and the [CAA] of underrepresented and neglected citizens" [*Id*. at 1]. Plaintiff further submits that "[i]n addition to personal afflictions from poisoning of the air and water which can be linked to rising environmental violations, and as a member of the community[,] which is most afflicted, [he] has a right of jurisdiction to claim such violations" [*Id*. at 1–2]. He contends "that the facts of such violations are public knowledge and [that he] does not claim this [C]omplaint as *sua sponte*, [but] this claim is a civil representation to uphold justice between utility providers and citizens of Allah

---

[2] There are formatting and font differences between the original Complaint and the Amended Complaint, and his address is different in the pleadings. But the allegations are the same.

(God), the same God that America is under, who came in the person of Master Fard Muhammad" [*Id*. at 2]. Plaintiff submits that "the facts of the claims are actual that can be traceable to public information from complaints of citizens, written articles from journalists, and scientific data linked to activity that display significant outcomes greater than test samples represented due to the amount of production TVA engages in" [*Id*.].

B.   **Screening of the Complaint**

As an initial matter, it appears that Plaintiff is seeking relief on behalf of others [*See e.g.*, Doc. 21 ¶ 10) ("Plaintiff and Black Community members have received racial discrimination and 2nd hand pollution."); *id*. at 15 (seeking relief for violating Plaintiff's and black community members' rights)]. But Plaintiff is proceeding pro se, and there is no indication that he is an attorney. To the extent he attempts to represent others, he is not permitted to do so. 28 U.S.C. § 1654 ("In all courts of the United States the party may plead and conduct their own cases personally . . . ."); *see also Hiles v. Army Rev. Bd. Agency*, No. 1:12-CV-673, 2013 WL 1196594, at *5 (S.D. Ohio Mar. 25, 2013) ("A plaintiff may not appear pro se where interests other than his own are at stake."), *report and recommendation adopted*, No. C-1-12-673, 2014 WL 4639160 (S.D. Ohio Sept. 16, 2014).

With respect to Plaintiff's § 1983 claim, this statute allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "Because § 1983 only applies to a person acting under the color of state law, the federal government and its officials are not

subject to a § 1983 suit." *Hendricks v. Governor's Taskforce for Marijuana Eradication*, No. 3:05-CV-377, 2007 WL 3396480, at *3 (E.D. Tenn. Nov. 14, 2007) (citations omitted). And as courts have explained, "TVA is a federal agency and therefore not subject to a § 1983 suit as it is not a state actor." *Id*. (citation omitted); *see also Long v. TVA*, No. 3:09-CV-114, 2009 WL 3784963, at *7 (E.D. Tenn. Nov. 9, 2009) (explaining that this Court and the Sixth Circuit has held that TVA is a federal agency). Therefore, Plaintiff cannot maintain a § 1983 claim against TVA.

Plaintiff also alleges claims pursuant to the CWA and the CAA. As the Court explained in its Order to Show Cause [Doc. 19], prior to commencing a lawsuit under either statute, a plaintiff must provide a 60-day notice of the violation to the Environmental Protection Agency Administrator, the State where the violation occurred, and to the alleged violator. 33 U.S.C. § 1365(b)(1)(A); 42 U.S.C. § 7604(b)(1)(A). Under certain circumstances, the plaintiff may not have to wait the entire 60 days before filing suit, but he must still provide the required notice. 33 U.S.C. § 1365(b); 42 U.S.C. § 7604(b). Compliance with these statutes is a prerequisite to filing suit. *Cox v. Bd. of Cnty. Commissioners of Franklin Cnty.*, 436 F. Supp. 3d 1070, 1078 (S.D. Ohio 2020) ("Compliance with the notice requirements of the [CWA] statute and regulation is a 'jurisdictional prerequisite' to filing a citizen suit.'" (quoting *Sierra Club Ohio Chapter v. City of Columbus*, 282 F. Supp. 2d 756, 763 (S.D. Ohio 2003)); *Sierra Club Ohio Chapter*, 282 F. Supp. 2d. at 763 ("The Supreme Court has held that compliance with the notice and sixty-day delay provisions are mandatory conditions precedent to filing a citizen lawsuit under the Clean Water Act, and that failure to adhere to these provisions requires dismissal of the citizen suit.") (citing *Hallstrom v. Tillamook County,* 493 U.S. 20, 31 (1989)); *Nat'l Parks Conservation Ass'n, Inc. v. TVA*, 175 F. Supp. 2d 1071, 1076 (E.D. Tenn. 2001) ("Citizen suits under the Clean Air Act are a jurisdictional prerequisite to suit and must be strictly complied with." (citation omitted)). Plaintiff

7
Case 3:23-cv-00460-DCLC-DCP   Document 23   Filed 08/28/24   Page 7 of 10   PageID #: 99

does not allege that he complied with these requirements. As such, the Court lacks jurisdiction over his claims relating to the CWA and the CAA.[3]

Plaintiff states that TVA violated the NEPA, but "[it] itself does not authorize a private right of action. Instead, judicial review is granted under the Administrative Procedure Act[.]" *Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 808 (E.D. Tenn. 2019). Plaintiff does not reference any administrative proceedings he wishes to challenge under the Administrative Procedure Act.

Finally, Plaintiff claims that on the last day of his employment with TVA, an employee made a racist comment [Doc. 21 ¶ 11]. Plaintiff alleges that "[t]his employee is white and is known for having anger issues and blurting out inappropriate statements in moments of frustration" [*Id*.]. In light of his pro se status, the Court construes his claim as alleging a hostile work environment. But the Court finds Plaintiff fails to state a claim upon which relief can be granted. While he alleges that "TVA has a history of racial discrimination[,]" [Doc. 21 ¶ 1], he does not allege that TVA "knew or should have known about the harassment and failed to act." *Young v. FedEx Express*, No. CV 23-61, 2023 WL 5573795, at *4 (E.D. Ky. Aug. 29, 2023) (quoting *Williams v. CSX Transp. Co.*, 643 F.3d 502, 511 (6th Cir. 2011)); *see also Golliher v. Suburban Mfg.*, No.

---

[3] In the Order to Show Cause, the Court questioned whether Plaintiff had standing under the CWA and the CAA because he had not alleged that he suffered an injury that was traceable to TVA's conduct [*See* Doc. 19 p. 5]. And as noted above, Plaintiff's Amended Complaint is identical to his original Complaint. In his Answer, he states that he "suffers personal injury from vicarious trauma of countless complaints about [TVA] violating the [CWA] and [the CAA] of underrepresented and neglected citizens" [Doc. 22 p. 1]. He further states that he "has a right of jurisdiction to claim such violations because of "personal afflictions from poisoning the air and water which can be linked to rising environmental violations, and as a member of the community which is most afflicted" [*Id*. at 1–2]. Although the Court must construe his filings liberally, Plaintiff does not provide any facts regarding his personal afflictions. His injury in fact, therefore, remains unclear [*See* Doc. 19 p. 5 (explaining the requirements for standing)]. But regardless, the undersigned recommends that the claims be dismissed for the reasons stated above.

122CV00255, 2022 WL 19037653, at *5 (E.D. Tenn. Dec. 1, 2022) (explaining that the plaintiff must allege that the employer knew of the co-worker harassment), *report and recommendation adopted*, No. 1:22-CV-255, 2023 WL 2507553 (E.D. Tenn. Mar. 14, 2023).[4] [5]

### C. Amending the Complaint

As Plaintiff has already been given an opportunity to amend his complaint to cure these deficiencies, he should not be permitted to further amend at this time.

## III. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 2**][6] and **RECOMMENDS**[7] that

---

[4] Plaintiff references the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2022 ("No Fear Act") [Doc. 21 ¶ 26]. "[T]hat Act does not provide a private cause of action." *Williams v. Spencer*, 883 F. Supp. 2d 165, 182 (D.D.C. 2012) (citations omitted).

[5] The Court notes that in the jurisdictional section of the Amended Complaint [Doc. 21 pp. 3–4], Plaintiff states that the Court has jurisdiction because he seeks declaratory relief and has supplemental jurisdiction over his state law claims; however, Plaintiff does seek declaratory relief and fails to specify any state law claim. And with respect to the former, "The Declaratory Judgment Act enlarges the range of remedies available in federal courts[,] but it does not create or expand the scope of subject matter jurisdiction." *Moher v. United States*, 875 F. Supp. 2d 739, 769 (W.D. Mich. 2012) (collecting cases).

[6] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[7] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

the District Judge **DISMISS** Plaintiff's Amended Complaint [**Doc. 21**] and **DENY** his motion [**Doc. 22**].

          Respectfully submitted,

          */s/ Debra C. Poplin*
          Debra C. Poplin
          United States Magistrate Judge