UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JOSHUA FARD MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | 3:23-CV-00460-DCLC-DCP |
| | ) | |
| vs. | ) | |
| | ) | |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court to consider the Report and Recommendation ("R&R") of the United States Magistrate Judge [Doc. 23]. Plaintiff filed his initial Complaint on December 27, 2023 [Doc. 1] along with an application to proceed *in forma pauperis* [Doc. 2]. The magistrate judge screened the Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), which requires the district court to dismiss any claims that are frivolous or malicious, that fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2); [Doc. 19]. In her initial review, the magistrate judge found several deficiencies that would result in her recommending the Complaint be dismissed [Doc. 19, pg. 3–7]. However, rather than entering an R&R in which she recommended dismissal of the Complaint, she permitted Plaintiff an opportunity to cure the deficiencies that she identified and held in abeyance his application to proceed without prepayment of costs [Doc. 19, pg. 6-7].

In response, Plaintiff filed an Amended Complaint [Doc. 21]. The magistrate judge then engaged in the mandatory screening process required under the PLRA and filed an R&R addressing the issues raised in the Amended Complaint. Plaintiff's Amended Complaint was largely the same as his initial Complaint. In the R&R, the magistrate judge granted Plaintiffs' Application to Proceed Without Prepaying Fees and Costs [Doc. 2]. The magistrate judge then

1

screened Plaintiff's Amended Complaint, finding again several deficiencies [Doc. 19]. The magistrate judge engaged in a detailed analysis of all Plaintiff's allegations in his Amended Complaint against the TVA: Plaintiff's civil rights claim under 42 U.S.C. § 1983; the Clean Air Act, ("CAA"), 42 U.S.C. § 7402 *et seq.*; the Clean Water Act, ("CWA"), 33 U.S.C. § 1251, *et seq.*; and the National Environmental Policy Act, ("NEPA"), 43 U.S.C. § 4321 *et seq.*; and his allegations that a TVA employee made a racist remark to him on Plaintiff's last day of employment with the TVA.

After thoroughly reviewing each of Plaintiff's causes of actions, she recommended that the Amended Complaint be dismissed. The magistrate judge filed the R&R on August 28, 2024 [Doc. 23]. The R&R instructed the parties that any objections to the R&R had to be made within 14 days after service of a copy of the R&R and that failure to file objections would result in a waiver of the right to appeal the District Court's order [Doc. 23]. The parties did not file objections to the R&R.[1] *See* Fed. R. Civ. P. 72(b).

After thorough consideration of the R&R and the record as a whole, the Court finds that the R&R properly analyzes the issues presented. For the reasons set out in the R&R, which are incorporated by reference herein, it is hereby **ORDERED** that the R&R [Doc. 23] is **ADOPTED**, and Plaintiff's Amended Complaint [Doc. 21] is **DISMISSED** and his motion to vacate order to show cause [Doc. 22] is **DENIED**.

A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge

---

[1] Failure to file objections within the 14-day period pursuant to Rule 72(b) results in waiver of the right to appeal the Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985).